UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CRIM. NO. 22-79 (NEB/TNL)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        **MOTION TO DISMISS INDICTMENT**

JYRON MENDALE YOUNG,

        Defendant.

Defendant, by and through his attorney, respectfully moves the Court for an order dismissing the indictment with prejudice because it was filed 31 days after Mr. Young's arrest, in violation of his rights under the Speedy Trial Act. *See* 18 U.S.C. § 3161(b). As a sanction, the indictment must be dismissed. 18 U.S.C. § 3162(a).

The Speedy Trial Act demands that indictments must be filed "within thirty days from the date on which such individual was arrested . . . in connection with such charges." 18 U.S.C. § 3161(b). Mr. Young was charged by complaint in this matter on April 6, 2022, and an arrest warrant issued that same day. Mr. Young was arrested the next day, April 7, 2022. (*See* Complaint, ECF Doc. 2.) Thirty days after April 7th was Saturday, May 7th. The indictment in this case was filed on Tuesday, May 10th. This was 33 days after Mr. Young's arrest, and therefore violated his Speedy Trial Act rights. (*See* Indictment, ECF Doc. 12.)

1

The statutory directive is that the indictment must be dismissed, but it gives the Court the option of dismissing with or without prejudice. *See* 18 U.S.C. § 3162(a)(1). Among the factors to be considered in making this decision are "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." *Id*.

Although the matter before the Court is no doubt serious, the other factors weigh in favor of dismissal with prejudice. The conduct at issue in this case occurred in February 2022. Since that time, Mr. Young was held in state custody. Then, on the Thursday before he was scheduled for jury trial in Hennepin County District Court, he was arrested by Special Agents Liane Sellner and David Carriker. There is simply no reason why the government could not comply with the demands of the Speedy Trial Act, and no reason why it should be excused for failing to meet its clear statutory duty. Under these circumstances, dismissal with prejudice is the appropriate sanction. *See*, *e.g.*, *United States v. Miller*, 23 F.3d 194, 196–98 (8th Cir. 1994) (reversing as an abuse of discretion a district court's failure to dismiss with prejudice following unexcusable pre-indictment delay).

Respectfully submitted,

Dated: June 9, 2022

/s/ Steven J. Wright
Minnesota Attorney #387336
Attorney for Defendant
331 Second Avenue South, Suite 705
Minneapolis, MN  55401
Phone: 612-669-8280
Fax:  612-341-0116