UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 22-cr-79 (NEB/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Jyron Mendale Young, | |
| Defendant. | |

---

Thomas Calhoun-Lopez, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Steven J. Wright, Law Office of Steven J. Wright, 331 Second Avenue South, Suite 705, Minneapolis, MN 55415 (for Defendant).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions filed by Defendant Jyron Mendale Young:

1. Motion for Discovery, ECF No. 16;

2. Motion for Release of Brady Materials, ECF No. 17;

3. Motion to Retain Rough Notes, ECF No. 18;

4. Motion for Disclosure of Rule 404(b) Evidence, ECF No. 19; and

5. Motion for Early Disclosure of Jencks Act Materials, ECF No. 20.

A hearing was held on June 30, 2022. ECF No. 32. Assistant United States Attorney Jordan Sing appeared on behalf of the United States of America (the "Government"). Attorney Steven J. Wright appeared on behalf of Defendant. Based upon the record,

1

memoranda, and oral arguments, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion for Discovery, ECF No. 16, is **GRANTED IN PART and DENIED IN PART**.

Defendant generally seeks materials subject to disclosure under Rule 16(a)(1)(A) through (G) of the Federal Rules of Criminal Procedure. *See generally* ECF No. 16. This includes expert witness disclosures. *Id.* at 3 (citing Fed. R. Evid. 702, 703, & 705). The Government responds that it has provided disclosures, will continue to comply with its ongoing discovery obligations, and has no objection to providing Rule 16 discovery to Defendant to the extent that Defendant's requests for discovery comport with the provisions of Rule 16. Gov't's Omnibus Resp. at 1, ECF No. 30.

At the hearing, Defendant noted that he became aware of amendments to Rule 16 that require more disclosure regarding experts. Defendant requested that the Government be held to those stricter standards. The Government objected to that, arguing that the amendments to Rule 16 do not go in effect until December 2022. The Government noted that it could confer with Defendant about an expert disclosure schedule and the parties could notify the Court if they could not agree on a schedule. Defendant was agreeable to that arrangement.

Defendant's motion is granted to the extent that responsive information subject to disclosure under Rule 16(a)(1)(A) though (F) remains in the Government's control and has not yet been produced. Defendant's motion is further granted in part to the extent his discovery requests seek discovery and disclosures ordered produced elsewhere in this Order or that the Government is otherwise obligated to disclose by law.

While the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure under Rule 16(a)(1)(A) through (F) that subsequently comes into the Government's possession, knowledge, or control shall be produced in a timely fashion.

To the extent Defendant seeks information or materials outside the Government's disclosure obligations under Rule 16(a)(1)(A) through (F) or that have already been produced, his motion is denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000).

2.  Defendant's Motion for Release of Brady Materials, ECF No. 17, is **GRANTED IN PART and DENIED IN PART**.

Defendant seeks disclosure of evidence favorable to him under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. ECF No. 17. The Government responds that it is aware of and will continue to comply with its discovery obligations under *Brady* and its progeny. Gov't's Omnibus Resp. at 1. The Government objects to Defendant's requests to the extent they go beyond those discovery obligations. *Id*. at 1-2.

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87). Further, "[t]he [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio v. United States*, 405 U.S. 150, 154 (1972)); *see also United States v. Whitehill*, 532 F.3d

3

746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *Polk*, 715 F.3d at 249 (quotation omitted); *see Hamilton*, 452 F.2d at 479 ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, . . . [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant." (quotation omitted)); *United States v. Wisman*, No. 4:06CR0036 DJS/TCM, 2006 WL 587601, at *2 (E.D. Mo. Mar. 9, 2006) ("The statements of a non-witness are not discoverable.").

Defendant's motion is granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act and Federal Rule of Criminal

4

Procedure 26.2 materials. If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery. While the Court is not ordering the Government to disclose Jencks Act materials early, *see* 18 U.S.C. § 3500(b); *Green*, 151 F.3d at 1115, the Court encourages the parties to disclose such materials no later than three days before trial. *See infra* ¶ 5.

To the extent Defendant seeks discovery and disclosures outside the Government's obligations under these authorities or seeks materials that have already been produced, such request is denied. *See Johnson*, 228 F.3d at 924 ("Criminal defendants do not have a general constitutional right to discovery."). Further, to the extent Defendant seeks the statements of non-testifying witnesses not otherwise encompassed within the Government's disclosure obligations, these requests are likewise denied. *See Hamilton*, 452 F.2d at 479; *Wisman*, 2006 WL 587601, at *2.

3. Defendant's Motion to Retain Rough Notes, ECF No. 18, is **GRANTED**.

Defendant requests an order directing that all law enforcement personnel maintain and preserve all rough notes taken and evidence seized as part of their investigation. ECF No. 18. The Government does not object to the retention of rough notes but objects to any order compelling disclosure of such. Gov't's Omnibus Resp. at 2.

Defendant's request for the retention of rough notes and evidence is granted. To the extent that it has not already done so, the Government shall direct its agents to preserve any rough notes and evidence pertaining to this matter. The Court is not ordering any disclosure of such materials.

4. Defendant's Motion for Disclosure of Rule 404(b) Evidence, ECF No. 19, is **GRANTED IN PART and DENIED IN PART**.

Defendant requests that the Government give notice of its intention to use evidence of other crimes, wrongs, or acts under Rule 404(b) at trial. ECF No. 19 at 1. The Government responds that it is aware of and will comply with its obligations under Rule 404(b). Gov't's Omnibus Resp. at 3. The Government "agrees to disclose all such evidence at least three weeks prior to trial." *Id*. At the hearing, Defendant agreed to the Government's proposal of disclosing 404(b) evidence three weeks prior to trial.

Rule 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing). The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is

6

offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments; *see United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013); *United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971); *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

The Court finds that the parties' agreement that Rule 404(b) evidence be disclosed three weeks before trial is reasonable. As such, consistent with the parties' agreement, no later than three weeks prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), articulating "the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). Defendant's motion is otherwise denied. If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(C).

5.   Defendant's Motion for Early Disclosure of Jencks Act Materials, ECF No. 20, is **DENIED**.

Defendant seeks early disclosure of Jencks Act materials, requesting that such materials be disclosed at least two weeks prior to the commencement of trial. ECF No. 20

7

at 1. The Government objects to any order requiring early disclosure but states it has turned over all Jencks Act materials in its possession and agrees to disclose any materials it subsequently receives no later than three days prior to trial. Gov't's Omnibus Resp. at 3-4.

By its terms,

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to the subject matter of [his] testimony.

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b). "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." *Green*, 151 F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996). Defendant's request for early disclosure of Jencks Act materials is denied. While the Court is not ordering the Government to disclose Jencks Act materials early, the Court encourages the parties to disclose such materials no less than three days prior to trial.

6. All prior consistent orders remain in full force and effect.

[*Continued on next page.*]

7. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: September __12__, 2022         _____*s/Tony N. Leung*_____
                     Tony N. Leung
                     United States Magistrate Judge
                     District of Minnesota

                     *United States v. Young*
                     Case No. 22-cr-79 (NEB/TNL)