**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
Criminal No.: 22-079 (NEB/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) PLEA AGREEMENT |
| v. | ) AND SENTENCING |
| | ) STIPULATIONS |
| JYRON MENDALE YOUNG, | ) |
| | ) |
| Defendant. | ) |

The United States of America and Jyron Mendale Young (hereinafter referred to as the "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the Defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The Defendant agrees to plead guilty to Count 1 of the Indictment, which charges the Defendant with possession of a firearm as a felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1). The Defendant fully understands the nature and elements of the crime with which he has been charged. At the time of sentencing, the United States agrees to move to dismiss Counts 2–4 of the Indictment.


SCANNED
NOV 29 2022
U.S. DISTRICT COURT MPLS

2. **Factual Basis.** The Defendant agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

On February 16, 2022, the Defendant knowingly possessed a Taurus model PT738 .380 caliber semiautomatic pistol bearing serial number 25067F. The Defendant possessed the firearm while driving in Minneapolis, Minnesota. The firearm was found in the Defendant's vehicle after he fled a police officer and crashed the vehicle. Also found in the vehicle were heroin and methamphetamine, as well as an extended magazine that could accept more than 15 rounds of ammunition.

The Taurus model PT738 .380 caliber semiautomatic pistol was manufactured outside the State of Minnesota, and necessarily traveled in interstate commerce before the Defendant possessed it on February 16, 2022.

When the Defendant possessed the firearm on February 16, 2022, he had been convicted of the following crimes, each of which was punishable by imprisonment for a term exceeding one year:

| Offense | Place of Conviction | Date of Conviction (On or About) |
|---|---|---|
| 1st Degree Aggravated Robbery | Hennepin County, MN | February 27, 2003 |
| 3rd Degree Drug Sale | Hennepin County, MN | August 22, 2011 |
| Attempted 1st Degree Aggravated Robbery | Hennepin County, MN | February 27, 2014 |

2

| Offense | Place of Conviction | Date of Conviction (On or About) |
|---|---|---|
| Simple Robbery | Hennepin County, MN | February 10, 2016 |
| 5th Degree Drug Possession | Hennepin County, MN | August 13, 2019 |

The Defendant agrees that these offenses yielding these convictions were committed on occasions different from one another.

Prior to February 16, 2022, the Defendant knew he had been convicted of at least one offense punishable by imprisonment for a term exceeding one year.

The Defendant admits and agrees that he knowingly possessed the Taurus model PT738 .380 caliber semiautomatic pistol on February 16, 2022. He further stipulates and agrees that he acted voluntarily, and that he knew his actions violated the law.

3.   **Waiver of Pretrial Motions**.  The Defendant understands and agrees that the Defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the Defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The Defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4. **Waiver of Constitutional Trial Rights**. The Defendant understands that he has the right to go to trial. At trial, the Defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The Defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The Defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the Defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The Defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the Defendant guilty without a trial.

5. **Additional Consequences**. The Defendant understands that, as a result of his conviction, he could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6. **Statutory Penalties.** The parties agree that the Defendant appears to be subject to the enhanced provisions of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and that Count 1 of the Indictment carries statutory penalties of:

    a.    a maximum term of life imprisonment;

    b.    a mandatory minimum term of imprisonment of 15 years;

    c.    a fine of up to $250,000;

    d.    assessment to the Defendant of the costs of prosecution, imprisonment, and supervision, as defined in 28 U.S.C. §§ 1918(b) and 1920; and

    e.    a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A).

The Defendant expressly reserves the right to argue that he is not subject to the ACCA, and the right to challenge, at sentencing, the Presentence Investigation Report's designation of any prior felony conviction as a predicate felony under the ACCA. If the Defendant is not subject to the ACCA, Count 1 would carry a maximum term of 10 years' imprisonment, and a supervised-release term of not more than 3 years.

7. **Guideline Calculations.** The parties acknowledge that the Defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The

parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

    a.    <u>Base Offense Level.</u>

(1) The parties anticipate that the Defendant is subject to an enhanced sentence under the ACCA. The United States contends that, because the Defendant possessed the firearm in connection with a controlled substance offense, the base offense level is **34**. U.S.S.G. § 4B1.4(b)(3)(A). The Defendant reserves the right to argue that, if he is subject to an enhanced sentence under the ACCA, his base offense level is **33**. U.S.S.G. § 4B1.4(b)(3)(A).

(2) If the Defendant is not subject to an enhanced sentence under the ACCA, the parties agree that, because the Defendant committed the offense subsequent to sustaining two felony convictions of crimes of violence, the base offense level under Chapter Two of the Guidelines for Count 1 of the Indictment is **24**. U.S.S.G. § 2K2.1(a)(2).

    b.    <u>Specific Offense Characteristics</u>.

(1) The parties agree that, if the Defendant is subject to an enhanced sentence under the ACCA, no specific offense characteristics or adjustments apply. U.S.S.G. § 4B1.4(b).

(2) The United States contends that, if the Defendant is not subject to an enhanced sentence under the ACCA, because the Defendant possessed the ammunition in connection with another felony offense, the base offense level under Chapter 2 of the Guidelines should be increased by **4** levels. U.S.S.G. § 2K2.1(b)(6)(B). The Defendant does not agree that the provisions of U.S.S.G. § 2K2.1(b)(6)(B) apply, and reserves the right to argue that position at sentencing. The parties agree that no other specific offense characteristics apply.

c.   <u>Chapter 3 Adjustments</u>. The parties agree that, other than credit for acceptance of responsibility, no Chapter 3 adjustments apply.

d.   <u>Acceptance of Responsibility</u>. The United States agrees to recommend that the Defendant receive a **2**-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the Defendant has timely notified the United States of his intention to enter a plea of guilty, the United States agrees to recommend that the Defendant receive an additional **1**-level reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the Defendant understands and agrees that the United States' recommendations are conditioned upon the following: (1) the Defendant testifies truthfully during the change of plea and sentencing hearings; (2) the Defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the Defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report. Nothing in this agreement limits the right of the United States, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an enhancement for obstruction of justice should the Defendant engage in any conduct inconsistent with acceptance of responsibility, including moving to withdraw his guilty plea after it is entered.

e.   <u>Criminal History Category</u>. Based on information available at this time, the parties believe that the Defendant's criminal history category is **VI**. This does not constitute a stipulation, but an assessment based on the information currently known. The parties acknowledge that the Defendant's actual criminal history and related status (which might impact the Defendant's adjusted offense level) will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The Defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the Defendant will be sentenced based on his true criminal history category, and he will

not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

f. Guideline Range.

(1) In the view of the United States, if the Defendant is subject to an enhanced sentence under the ACCA, the adjusted offense level is **31 (34 – 3)**. In criminal history category **VI**, the Sentencing Guideline range is **188–235** month's imprisonment, with a mandatory minimum term of imprisonment of **180** months. The Defendant reserves the right to argue that, if he is s subject to an enhanced sentence under the ACCA, the adjusted offense level is **30 (33 – 3)**. In criminal history category **VI**, the Sentencing Guideline range would be **168–210**. Because that range is below the mandatory minimum term of imprisonment of **180** months, the Guideline range would be **180–210**. 18 U.S.C. § 924(e); U.S.S.G. § 5G1.1(a).

(2) In the view of the United States, if the Defendant is not subject to an enhanced sentence under the ACCA, the adjusted offense level is **25 (24 + 4 - 3)**. In criminal history category **VI**, the Sentencing Guideline range for Count 1 would be **110–137** months' imprisonment. Because this range exceeds the statutory maximum term of imprisonment of **120** months, the Guideline range would become **110–120** months' imprisonment. 18 U.S.C. § 924(a)(2); U.S.S.G. § 5G1.1(a). The Defendant reserves the right to argue that, if he is not subject to an enhanced sentence under the ACCA, the adjusted offense level is **21 (24 - 3)**. In criminal history category **VI**, the Sentencing Guideline range for Count 1 would be **77–96** months' imprisonment.

g. Fine. If the adjusted offense level is **31** or **30**, the applicable fine range is **$30,000 to $250,000**. If the adjusted offense level is **25**, the applicable fine range is **$20,000 to $200,000**. If the adjusted offense level is **21**, the applicable fine range is **$15,000 to $150,000**. U.S.S.G. § 5E1.2(c)(3).

h.  Supervised Release.

(1) If the Defendant is subject to an enhanced sentence under the ACCA, the Sentencing Guidelines call for a term of supervised release of between two and five years.

(2) If the Defendant is not subject to an enhanced sentence under the ACCA, the Sentencing Guidelines call for a term of supervised release of between one and three years for Count 1. U.S.S.G. § 5D1.2(a)(2).

8. **Revocation of Supervised Release.** The Defendant understands that if he were to violate any supervised release condition while on supervised release, the Court could revoke the Defendant's supervised release, and the Defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The Defendant also understands that as part of any revocation, the Court may include a requirement that the Defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

9. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable guideline factors and the applicable criminal history category. The Court may also depart from the applicable

Guidelines, except that if the Defendant is subject to an enhanced sentence under the ACCA, the Court may not sentence Defendant to fewer than **180** months' imprisonment. If the Court or the Probation Office determines that the applicable guideline calculations or the Defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the Defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation.** The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make a motion for departures from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), to oppose any such motion made by the opposing party, and to argue for a sentence outside the applicable Guidelines range, except that if the Defendant is subject to an enhanced sentence under the ACCA, the United States agrees to recommend a sentence of not more than **188** months. The Defendant acknowledges that if he is subject to an enhanced sentence under the ACCA, he is subject to a mandatory minimum term of imprisonment of **180** months. If the Court does not accept the sentencing recommendation of the parties, the Defendant will have no right to withdraw his guilty plea.

11. **Special Assessments.** The Sentencing Guidelines require payment of a special assessment in the amount of $100.00 for each felony count

of which the Defendant is convicted. U.S.S.G. § 5E1.3. The Defendant agrees that the special assessment is due and payable at the time of sentencing.

12. **Forfeiture**. The Defendant agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearm with accessories and any ammunition involved in the Defendant's violation of Title 18, United States Code, Section 922, including specifically but not limited to, the Taurus model PT738 .380 caliber semiautomatic pistol bearing serial number 25067F charged in Count 1 of the Indictment, together with ammunition.

The Defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The Defendant waives all statutory and constitutional defenses to the forfeiture and consents to the destruction of the firearms and ammunition.

13. **Waiver of Freedom of Information Act and Privacy Act**. The Defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

14. **Complete Agreement.** The Defendant acknowledges that he has read this plea agreement and has carefully reviewed each provision with his

11

attorney. The Defendant further acknowledges that he understands and voluntarily accepts every term and condition of this plea agreement. This plea agreement, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the Defendant.

Dated: 11/28/2022

ANDREW M. LUGER
United States Attorney

BY: THOMAS CALHOUN-LOPEZ
Assistant United States Attorney

Dated: 11/28/2022

JYRON MENDALE YOUNG
Defendant

Dated: 11·28·2022

STEVEN J. WRIGHT
Counsel for Defendant